Samuel Berossey et al., Plaintiffs, *v.* Herman Kleiner, Defendant.

Supreme Court, Special Term, New York County, February 3, 1950.

*Janet E. Levinson* for plaintiffs.

*Van Orman & Harmon* for defendant.

Pecora, J. Motion is made by plaintiffs to transfer a cause in this court to the City Court, on the ground that the damages suffered were much less than originally thought. Defendant

opposes the application, urging that, while he agrees the action should not remain in the Supreme Court, it should be transferred to the Municipal Court. In view of the opposition to the motion, the motion must be denied. No provision in the Civil Practice Act or rules permits the removal of a cause from the Supreme Court to a lower court on application of one party solely on the ground that an excessive amount has been sued for. Section 110 of the Civil Practice Act gives broad powers to the court to remove actions which have been instituted in the wrong court so as to avoid a dismissal of the action. (See *Beadle* v. *County of Orleans,* 148 Misc. 302.) Indicative of lack of power to grant the instant motion are the provisions of section 110-b of the Civil Practice Act, passed in 1949 (L. 1949, ch. 319), which allow the transfer of causes in the Supreme Court in counties in New York City, but only " upon the written consent of all parties to such actions." While the court deplores its impotence to act favorably upon the instant motion, in view of the crowded calendars of this court, the absence of statutory authority compels denial of the motion.